ANTHONY P. MILLER, INC, PROSECUTOR, v. PENNSYL-
VANIA-READING SEASHORE LINES, DEFENDANT.

Argued October 2, 1944—Decided December 27, 1944.

Before Justices, CASE, BODINE and PORTER.

For the prosecutor, *John E. Toolan* (*Edward H. Cushman,*
of the Pennsylvania bar).

For the defendant, *Lloyd, Horn & Perskie; French,
Richards & Bradley* and *Harold H. Fisher.*

PER CURIAM.

Anthony P. Miller, Inc. (hereafter called the contractor),
entered into a contract with the Pennsylvania-Reading Sea-
shore Lines (hereafter called the railroad) for the elimina-
tion of certain grade crossings in Atlantic County and other
work incident thereto. The contractor after completion of
the work sued the railroad for the sum of $205,024.34 dam-
ages. Broadly, the complaint alleges that the damages were
due to the following causes: "In failing to procure to be
made available to contractor rights-of-way at the approximate
stations mentioned in *Exhibit 1* annexed hereto, until the
time more particularly set forth in said *Exhibit 1,* and as is
further set forth in paragraphs 14, 20, 22, 27 (c) and 27 (d)
and

"In requiring contractor and contractor's sub-contractor,
Harry T. Campbell Sons Co., to refrain from using com-
petent Union labor and to employ more expensive and less
competent Union labor as is more particularly set forth in
paragraphs 31 to 33 hereof."

The contract is not printed in full and it is pretty well agreed that we may determine the case on excerpts thereof. Part of article 9 is as follows: "The contractor shall not claim default of the provisions of the contract on account of delay in providing possession of the property required for the elimination if the Railroad Company negotiates with the property owner or owners and in the event negotiations fail, then institutes condemnation proceedings for such property and prosecutes such proceedings to a speedy determination."

Since part of the damages sought arose from a failure to furnish sites in a timely manner, we are asked to say that the prosecution of condemnation proceedings to a speedy determination is not a question of fact but a mixed question of law and fact. We do not so view it. So also as to the other claim for damages. Whether one laborer is more expensive than another is not law but fact.

Article 42.1 is as follows: "Disputes. And it is mutually agreed between the parties hereto that, in case of any dispute which may arise between the parties to this agreement in relation to matters of fact, *but not of law,* by reason of the stipulations and provisions contained in this contract, or as to the specifications, plans and drawing relating thereto, or as to the matter of performance of this contract by either of the said parties, the Engineer shall be and is hereby constituted and appointed the umpire to decide finally all such questions and matters, and it is further mutually agreed that his decision and determination as to all matters of fact arising from the terms and provisions of this contract shall have the force and effect of an award and shall be final, conclusive and binding as to the rights and claims of said parties."

Mr. Justice Donges, under this clause, directed arbitration pursuant to the statute *R. S.* 2:40–10, *et seq.* A rule to show cause why *certiorari* should not issue was granted because the action taken by Mr. Justices Donges was done while he was acting as a statutory agent. The matter is before us on that rule.

By stipulation of the parties, it was agreed that the court may consider and decide the case as if a writ had issued. We have done so and can find the law not otherwise than Mr.

Justice Donges did. His opinion is reported in *In re Pennsylvania-Reading Seashore Lines,* 130 *N. J. L.* 444.

In passing, we might say that the cases in the Court of Claims cited by the prosecutor of this writ are not helpful. The court may construe contracts where there is an ambiguity or the terms are not clear.

That is not so in this case and we cannot write a new agreement for the parties.

The writ will be dismissed, with costs.